IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANNA MARIE MLINARCHIK,** | ) | **CIVIL ACTION NO. 3:16-257** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE KIM R. GIBSON** |
| v. | ) | |
| | ) | |
| **MEGAN BRENNAN,** *POST MASTER* | ) | |
| *GENERAL, UNITED STATES POSTAL* | ) | |
| *SERVICE,* | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

### I.     Introduction

Pending before the Court is a Motion to Dismiss filed by Defendant Megan Brennan, the Postmaster General of the United States Postal Service ("USPS"). (ECF No. 20.) The Motion has been fully briefed (*see* ECF Nos. 21, 26) and is ripe for disposition. For the reasons that follow, the Court will **GRANT IN PART** and **DENY IN PART** Defendant's Motion to Dismiss.

### II.     Jurisdiction

Because Plaintiff's claims arise under federal law, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper because the events giving rise to Plaintiff's claims occurred in the Western District of Pennsylvania. 28 U.S.C. § 1391(b)(2).

### III.     Background[1]

This case arises from Plaintiff's employment with USPS. Plaintiff has worked as a Mail Processing Clerk for USPS for over 30 years. (ECF No. 19 at ¶ 9.) In August 2011, Plaintiff

---

[1] The following allegations are derived from Plaintiff's Amended Complaint (ECF No. 19). The Court accepts these facts as true for the sole purpose of deciding the pending Motion to Dismiss.

underwent MRI imaging which indicated "residual effects of right temporal craniotomy, with right internal auditory canal decompression of an acoustic neuroma." (*Id.* at ¶ 10.) Plaintiff's prior medical history was "significant for acoustic neuroma, hypertension and carpel tunnel disorder." (*Id.*) Despite these medical issues, Plaintiff's work performance was "equal to or superior to other similarly situated employees." (*Id.* at ¶ 13.)

Plaintiff "was harassed and taunted by several employees, including her supervisor, for a very long time, on the basis of a mental disability," specifically anxiety and depression.[2] (*Id.* at ¶ 11.) Plaintiff told her supervisor that she was being taunted and harassed, but Plaintiff's supervisor did nothing and the taunting and harassment continued. (*Id.* at ¶ 12.)

Plaintiff's anxiety and depression worsened as a result of the taunting and harassment she experienced. (*Id.* at ¶ 19.) Additionally, Plaintiff found it difficult to continue to perform her job duties, which resulted in Plaintiff losing work opportunities at USPS. (*Id.*)

Plaintiff filed her Complaint before this Court on December 6, 2016 (ECF No. 1), which she subsequently amended by filing her Amended Complaint on August 31, 2017. (ECF No. 19.) Plaintiff asserts the following claims: (1) disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"); (2) disability discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); and (3) disability discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* ("Rehabilitation Act"). (*See* ECF No, 19 at ¶1.)

---

[2] Plaintiff does not specify when the taunting and harassment began, nor when she informed her supervisor of the inappropriate behavior.

## IV. Standard of Review

A complaint may be dismissed under Federal Rule of Civil Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). But detailed pleading is not generally required. *Id.* The Rules demand only "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.[3] First, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.") (citation omitted). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Connelly*, 809 F.3d at 786. Ultimately,

---

[3] Although *Iqbal* described the process as a "two-pronged approach," *Iqbal*, 556 U.S. at 679, the Supreme Court noted the elements of the pertinent claim before proceeding with that approach, *id.* at 675–79. Thus, the Third Circuit has described the process as a three-step approach. *See Connelly*, 809 F.3d at 787; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 n.4 (3d Cir. 2011) (citing *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010)).

the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## V. Discussion

Defendant Brennan asserts that this Court should dismiss Plaintiff's Amended Complaint under Rule 12(b)(5) for insufficient service of process. (ECF No. 20 at 3-4.) Defendant Brennan further asserts that this Court should dismiss Plaintiff's ADA and Title VII claims because the ADA is inapplicable to federal employees (*id.* at 6) and because disability discrimination is not actionable under Title VII. (*Id.*) The Court will address these arguments in turn.[4]

### A. Service of Process

Defendant Brennan argues that this Court must dismiss Plaintiff's Amended Complaint under Rule 12(b)(5) because Plaintiff failed to properly effectuate service of process. (ECF No. 20 at 8.) Defendant Brennan argues that Plaintiff has failed to comply with Rule 4(i)(1) and Rule 4(i)(2) of the Federal Rules of Civil Procedure, which require Plaintiff to serve process on the Attorney General of the United States and on the United States Attorney for the Western District of Pennsylvania. (*Id.*) Defendant Brennan asserts that under Rule 4(m) Plaintiff was required to properly effectuate service within 90 days of filing her Complaint, but that over 280 days have elapsed and Plaintiff has failed to complete service. (*Id.*) Defendant Brennan further avers that Plaintiff's failure to effectuate service precludes this Court from exercising personal jurisdiction. (*Id.* at 9.)

---

[4] Defendant Brennan does not appear to move to dismiss Plaintiff's Rehabilitation Act claim. (*See generally id.*)

In response, Plaintiff asserts that she properly effectuated service. (ECF No. 26 at 7.) Plaintiff argues that service in this case is governed not by Rule 4(i)(1) and Rule 4(i)(2), but rather by Rule 4(i)(3) and 4(e)(2)(B). Plaintiff states that she properly effectuated service by providing a summons and waiver of service to Defendant Brennan on December 29, 2016. (*Id.*) While Plaintiff does not state it explicitly, Plaintiff implicitly argues that to properly effectuate service, she need only serve Defendant Brennan, and need not also serve the United States Attorney General and the United States Attorney of the Western District of Pennsylvania.

The dispute about service of process appears to stem from confusion about whether Plaintiff is suing Defendant Brennan in her official, or individual, capacity. Defendant Brennan relies on Rule 4(i)(1) and Rule 4(i)(2) to argue that Plaintiff failed to properly effectuate service. Rule 4(i)(2), titled "Agency; Corporation; Officer or Employee Sued in an Official Capacity," provides:

> To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

*Id.* Rule 4(i)(1) advises that, to serve the United States as required by Rule 4(i)(2), a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

5

*Id.* Thus, to properly serve Defendant Brennan in her *official capacity*, Plaintiff is required to (1) send a copy of the summons and the Amended Complaint to Defendant Brennan, in accordance with Rule 4(i)(2); (2) send a copy of the summons and the Amended Complaint to the United States Attorney for the Western District of Pennsylvania, in accordance with Rule 4(i)(1)(A)(1), or to the civil-process clerk at the United States Attorney's Office, in accordance with Rule 4(i)(1)(A)(2); and (3) send a copy of the summons and the Amended Complaint to Attorney General Jefferson B. Sessions under Rule 4(i)(1)(B).

Plaintiff, by contrast, relies on Rule 4(i)(3), titled "Officer or Employee Sued Individually." Under Rule 4(i)(3):

> To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

*Id.*

Plaintiff's Complaint does not state in which capacity she sues Defendant Brennan. "Where a pleading is ambiguous, the Third Circuit has employed a 'course of pleadings' test, looking at the complaint and the course of proceedings to determine the nature of liability." *Ortiz v. Nancy*, No. CIV.A. 1:07-0208, 2007 WL 4924341, at *3 (M.D. Pa. Dec. 14, 2007) (quoting *Garden State Elec. Inspection Servs. v. Levin*, 144 F. App'x 247, 251 (3d Cir. 2005)). Plaintiff gives no indication that she intends to sue Defendant Brennan in her individual capacity; her Amended Complaint makes no specific allegations against Defendant Brennan. (*See, generally*, ECF No. 19.)

6

Therefore, the "course of pleadings" test indicates that Plaintiff sues Defendant Brennan in her official capacity.

Because Plaintiff sues Defendant Brennan in her official capacity, Plaintiff is required to comply with the service provisions of Rule 4(i)(2) and Rule 4(i)(1).[5] Merely serving Defendant Brennan is insufficient. Plaintiff must also send copies of the summons and the Amended Complaint to the Attorney General and the United States Attorney for the Western District of Pennsylvania.

The Court observes that on December 29, 2017 Plaintiff filed two "Proofs of Service."[6] The first Proof of Service states that Plaintiff served a summons and a copy of the Amended Complaint on Attorney General Jefferson B. Sessions, via Certified Mail, on December 29, 2017.[7] (ECF No. 31 at 1-2.) The Second Proof of Service states that Plaintiff served the Assistant United States Attorney for the Western District of Pennsylvania with the summons and a copy of the Amended Complaint on December 29, 2017. (*See id.* at 3.) Therefore, Plaintiff has complied with Rule 4(i)(1) and Rule 4(i)(2) and has properly effectuated service.[8] Accordingly, the Court properly exercises personal jurisdiction over Defendant Brennan.

---

[5] The Court notes that, even if Plaintiff intended to sue Defendant Brennan in her *individual capacity*, she would still need to comply with the provisions of Rule 4(i)(1) because Rule 4(i)(3) requires that a plaintiff suing an official in her individual capacity serve the United States.

[6] Plaintiff filed these "Proofs of Service" nearly three months after filing her Brief in Response to Defendant Brennan's Motion to Dismiss.

[7] Plaintiff also provided a copy of the Certified Mail receipt for the documents sent to Attorney General Sessions.

[8] The Court recognizes that more than 90 days elapsed between the filing of the Amended Complaint on August 31, 2017 and the effectuation of proper service on Defendant Brennan pursuant to Rule 4(i)(1) and Rule 4(i)(2) on December 29, 2017. (*See* ECF Nos. 19, 31.) Typically, Rule 4(m) requires service to be made within 90 days after a complaint is filed. *See* Fed. R. Civ. P. 4(m). However, under these circumstances, the Court excuses this 30-day delay in service because nothing before this Court suggests that Defendant Brennan was prejudiced by this 30-day delay and the Court will not harshly penalize Plaintiff with a wholesale dismissal of her case due to her counsel's misinterpretation of the nuanced and somewhat

Because Plaintiff has successfully effectuated service, Defendant Brennan's Motion to Dismiss Plaintiff's Amended Complaint based on improper service **DENIED AS MOOT**.

## B. The Court Will Dismiss Plaintiff's ADA Claim Because the ADA Does Not Apply to the USPS

Defendant Brennan asserts that this Court must dismiss Plaintiff's ADA claim because the

ADA does not apply to federal employers. (ECF No. 21 at 6.) In response, Plaintiff states that

"Plaintiff has a known disability which would entitle her to relief under the Americans with

Disability Act . . . ." (ECF No. 26 at 5.)

USPS is a federal employer and thus is exempt from the ADA. *Venter v. Potter*, 435 F. App'x

92, 95 (3d Cir. 2011) (dismissing employee's ADA claim against USPS and noting that "[i]n clear

statutory language, Congress established that USPS is part of the federal government and that

---

technical service requirements of Rule 4(i)(1) and Rule 4(i)(2). *See* Fed. R. Civ. P. 1 ("[These Rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). While "good cause" for an extension under Rule 4(m) has not been specifically argued by Plaintiff, the Court finds that a discretionary extension is appropriate here. *See Cholewka v. Ohio Casualty Ins. Co.*, Civil Action No. 3:16-CV-2210, 2017 WL 1519502, at *2 (M.D. Pa. Apr. 27, 2017) (citing *Mclaud v. Indus. Res., Inc.*, No. 3:CV-14-737, 2015 WL 737569, at *4 (M.D. Pa. Feb. 20, 2015); *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997)). If a plaintiff fails to show "good cause," a discretionary extension of time might still be appropriate. *See McLaud*, 2015 WL 737569, at *4 (citing *Boley*, 123 F.3d at 758). In assessing whether a discretionary extension is warranted, courts consider:

> [A]ctual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint.

*McLaud*, 2015 WL 737569, at *4 (quoting *Chiang v. U.S. Small Bus. Admin.*, 331 Fed. App'x 113, 116 (3d Cir. 2009)). Here, the Court will exercise its discretion to allow an extension. The time for service was not excessively tardy and Defendant Brennan's ability to defend this action has not been impaired. *See Torres v. Beard*, No. 11-CV-863, 2012 WL 4326866, at *1, *4 (M.D. Pa. Sept. 20, 2012) (permitting discretionary extension and finding the plaintiff's service approximately eight months after complaint was filed not prejudicial to defendants). Additionally, "the Third Circuit's preference for deciding cases on their merits rather than on procedural technicalities" is another factor favoring the grant of an extension. *Id.* at *3; *see Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citing cases). Thus, the Court will grant the extension of 30 days that was required to effectuate service in the present case.

8

the entire federal government is excluded from the coverage of the ADA") (quoting *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003) (internal quotation marks omitted)); *Slingland v. Donahoe*, No. CIV.A. 11-04591, 2012 WL 4473231, at *3 (E.D. Pa. Sept. 27, 2012) (dismissing the plaintiff's ADA claim against USPS because "as a federal employee, Plaintiff has no cause of action under the ADA."); *Stevenson v. U.S. Post Office*, No. CIV. 04-5971 (GEB), 2008 WL 108891, at *4 (D.N.J. Jan. 9, 2008) (dismissing the plaintiff's ADA claim against the USPS because "a federal employee bringing suit for discrimination on the basis of disability, cannot put forth . . . a claim under the ADA.").

Plaintiff cannot sue the USPS for violating the ADA. Consequently, this Court will **GRANT** Defendant Brennan's Motion to Dismiss Plaintiff's ADA claim against USPS.

## C. The Court Will Dismiss Plaintiff's Title VII Disability Discrimination Claim Because Disability Discrimination Claims Are Not Recognized Under Title VII

Defendant Brennan argues that this Court must dismiss Plaintiff's Title VII disability discrimination claim because disability discrimination claims are not recognized under Title VII. (ECF No. 21 at 7.) In response, Plaintiff asserts that "Plaintiff has made out a plausible claim of disability discrimination under Title VII . . . ." (ECF No. 26 at 4.)

Under Title VII, it is unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a); *see, e.g., Whitmire v. Kvaerner Philadelphia Shipyard*, 340 F. App'x 94, 97 (3d Cir. 2009).

9

"[I]t is well-established that '[d]isability is not among the numerated bases for a Title VII suit, and therefore a claim of disability discrimination under Title VII cannot survive.'" *Banaszewski v. Merck & Co.*, No. CIV.A. 04-5650, 2005 WL 1882031, at *2 (E.D. Pa. Aug. 9, 2005) (quoting *Scott v. Pa. Dep't of Pub. Welfare*, Civ. A. No. 02-3799, 2003 WL 22133799, at *5 (E.D. Pa. Aug.28, 2003)); *Skirpan v. Pinnacle Health Hosps.*, No. 1:07-CV-1703, 2010 WL 3632536, at *8 (M.D. Pa. Apr. 21, 2010) (stating that because "[n]o provision of Title VII addresses discrimination on the basis of an individual's perceived disabilities . . . it has repeatedly been held that disability discrimination claims may not be brought under Title VII." (collecting cases)); *see Ruffin v. Bank of Am.*, No. CV 12-1677-GMS, 2014 WL 3828408, at *2 (D. Del. Aug. 1, 2014) (holding that "[d]isability is not covered under Title VII, and a court must dismiss a disability discrimination suit brought under Title VII").

Plaintiff cannot bring a disability discrimination claim under Title VII. Accordingly, this Court will **GRANT** Defendant Brennan's Motion to Dismiss Plaintiff's Title VII disability discrimination claim.

## D. The Court Will Not Dismiss Plaintiff's Rehabilitation Act Claim

Defendant Brennan does not address Plaintiff's Rehabilitation Act claim in its Brief in Support of its Motion to Dismiss aside from mentioning once in passing that Plaintiff asserted a Rehabilitation Act claim in her Amended Complaint.[9] (*See* ECF No. 21.) In other words,

---

[9] The Court notes that "[t]he Rehabilitation Act prohibits discrimination based on disability by Government agencies (including the USPS)." *Kondas v. Potter*, 328 F. App'x 116, 119–20 (3d Cir. 2009) (citing 120 29 U.S.C. § 794(a)). To establish a *prima facie* case of discrimination under the Rehabilitation Act, Plaintiff "must show that (1) [s]he is disabled; (2) [s]he is otherwise qualified to perform the essential functions of [her] job with or without reasonable accommodations; and (3)[s]he suffered adverse employment action as a result of discrimination based on [her] disability." *Cook v. City of Philadelphia*, 649 F. App'x 174, 176 (3d Cir. 2016) (internal citations omitted).

Defendant does not argue that this Court should dismiss Plaintiff's Rehabilitation Act claim. Because Defendant does not ask this Court to dismiss Plaintiff's Rehabilitation Act claim, the Court will not analyze that claim here.

## VI. Conclusion

For the reasons stated above, the Court will **GRANT in part**, and **DENY in part**, Defendant Brennan's Motion to Dismiss. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNA MARIE MLINARCHIK, | ) | CIVIL ACTION NO. 3:16-257 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| MEGAN BRENNAN *POST MASTER* | ) | |
| *GENERAL, UNITED STATES POSTAL* | ) | |
| *SERVICE,* | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

NOW, this 9th day of January, 2018, upon consideration of Defendant's Motion to Dismiss the Amended Complaint (ECF No. 20), and for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that said Motion is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Court denies as moot Defendant's Motion to Dismiss Plaintiff's Amended Complaint based on improper service of process because Plaintiff has since cured her defective service;

2. The Court grants Defendant's Motion to Dismiss Plaintiff's ADA claim;

3. The Court grants Defendant's Motion to Dismiss Plaintiff's Title VII claim;

4. Plaintiff's Rehabilitation Act claim will not be dismissed.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE