IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ANNA MARIE MLINARCHIK, | ) | CIVIL ACTION NO. 3:16-cv-257 |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| MEGAN BRENNAN, POSTMASTER | ) | |
| GENERAL, UNITED STATES POSTAL | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I.  Introduction

Before the Court is the Motion for Summary Judgment (ECF No. 44) filed by Defendant Megan J. Brennan, United States Postmaster General. This motion has been fully briefed (ECF Nos. 45-47, 50-55, 57) and is ripe for disposition.

This case arises from Plaintiff Anna Marie Mlinarchik's employment as a mail-processing clerk for the United States Postal Service ("USPS"). Ms. Mlinarchik brings an employment-discrimination claim against USPS, through Defendant Megan J. Brennan as USPS Postmaster General, under the Rehabilitation Act and Americans with Disabilities Act. Ms. Mlinarchik alleges that her superiors at USPS created a hostile work environment and harassed her because she has a mental disability.

### II.  Jurisdiction and Venue

The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1331

because it arises under the laws of the United States. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this case occurred in the Western District of Pennsylvania.

## III. Background

The following facts are undisputed unless otherwise noted.[1] The Court includes additional material facts in Part V where necessary.

Ms. Mlinarchik worked for USPS from 1986 until her retirement on March 31, 2018. (ECF No. 46 ¶¶ 3-4; ECF No. 51 ¶¶ 3-4.) Ms. Mlinarchik worked as a mail-processing clerk at the USPS Processing and Distribution Center in Johnstown, Pennsylvania. (ECF No. 46 ¶ 2; ECF No. 51 ¶ 2.) Until her retirement in 2018, Ms. Mlinarchik's immediate supervisor was Denise Destefano, who in turn reported to Plant Manager Thomas S. Haynal. (ECF No. 46 ¶ 5; ECF No. 51 ¶ 5.)

Ms. Mlinarchik suffers from anxiety and depression. (ECF No. 51 ¶¶ 1, 4; ECF No. 56 ¶¶ 1, 4.) Ms. Mlinarchik takes medication and has received counseling to treat her anxiety and depression. (ECF No. 51 ¶¶ 5-9; ECF No. 56 ¶¶ 5-9.)

Ms. Mlinarchik alleges that her supervisors at USPS discriminated against her and harassed her because she suffered from anxiety and depression. (*See* ECF No. 1;

---

[1] The Court derives these facts from a combination of Defendant's Concise Statement of Undisputed Material Facts (ECF No. 46), the Appendix to Defendant's Motion for Summary Judgment (ECF No. 47), Plaintiff's Response to Defendant's Concise Statement of Undisputed Material Facts (ECF No. 51), Plaintiff's Concise Statement of Undisputed Material Facts (ECF No. 53), the Exhibits in Support of Brief in Support of Ms. Mlinarchik's Response to Motion for Summary Judgment (ECF No. 54), and Defendant's Response to Concise Statement of Material Facts (ECF No. 57).

-2-

ECF No. 52 at 4.) Ms. Mlinarchik's claim is based primarily on two specific incidents that occurred sometime around 2012 involving her supervisor, Denise Destefano. (ECF No. 54-1 at 11.) First, Ms. Mlinarchik alleges that Ms. Destefano told Ms. Mlinarchik to see a psychologist and to go home and take her medication.[2] (ECF No. 51 ¶ 10; ECF No. 56 ¶ 10.) Ms. Mlinarchik also alleges that Ms. Destefano told her to "get disability," but it is unclear whether this statement was part of the same incident. (ECF No. 54-1 at 12.) Second, Ms. Mlinarchik alleges that Ms. Destefano pointed a finger at Ms. Mlinarchik in the bathroom and told Ms. Mlinarchik that "I'll do what I want to do."[3] (ECF No. 51 ¶¶ 12-13; ECF No. 56 ¶¶ 12-13.)

Ms. Mlinarchik also alleges that two other discriminatory incidents took place. She alleges that a co-worker harassed and taunted her by refusing to help Ms. Mlinarchik operate a machine (ECF No. 46 ¶ 19) and that another co-worker harassed her by making "funny noises and stuff" over an intercom, which bothered Ms. Mlinarchik's ear. (*Id.* ¶ 20.)

---

[2] Defendant denies that Destefano made this statement, arguing that there is no evidence to support this allegation. (ECF No. 56 ¶ 10.) Moreover, Defendant maintains that even if Ms. Destefano did make this statement, there is no evidence of discriminatory animus. (*Id.*)

[3] Defendant denies that this bathroom incident occurred, arguing that there is no evidence to support this allegation. (ECF No. 56 ¶ 12-13.) Moreover, Defendant maintains that even if Ms. Destefano did point her finger at Ms. Mlinarchik and say "I'll do what I want," there is no evidence of discriminatory animus. (*Id.*)

Ms. Mlinarchik alleges that these incidents upset her—causing her to leave work early, lose sleep, and dread attending work afterwards.[4] (ECF No. 51 ¶¶ 11, 14; ECF No. 56 ¶ 14.) Ms. Mlinarchik also alleges that she sought counseling from a psychiatrist about the issues she had at work.[5] (ECF No. 51 ¶ 7; ECF No. 56 ¶ 7.)

Plant Manager Thomas Haynal was notified of the incidents between Ms. Mlinarchik and Ms. Destefano. (ECF No. 51 ¶¶ 20, 22; ECF No. 56 ¶¶ 20, 22.) Mr. Haynal testified that he counseled both Ms. Mlinarchik and Ms. Destefano after he learned of these incidents. (ECF No. 51 ¶ 22; ECF No. 56 ¶ 22.) Mr. Haynal also testified that he did not believe the incidents rose to the level of punishable workplace harassment under the USPS's Workplace Harassment Policy. (ECF No. 54-2 at 4, 7.)

Ms. Mlinarchik filed a Complaint against Defendant with the United States Equal Employment Opportunity Commission, which was dismissed on September 12, 2016. (*See* ECF No. 19-1.) Ms. Mlinarchik then filed a Complaint (ECF No. 1) in this Court on December 6, 2016, and an Amended Complaint on August 31, 2017 (ECF No. 19), alleging that her USPS supervisors violated the Rehabilitation Act and Americans with Disabilities Act by creating a hostile work environment and harassing her based on disability. The Court entered a Final Scheduling Order (ECF No. 38) on May 14, 2018, setting a post-discovery briefing schedule.

---

[4] Defendant admits that Ms. Mlinarchik was upset over these incidents at work, could not sleep, and did not want to go to work, but denies the materiality of these facts. (ECF No. 56 ¶ 11.)

[5] Defendant admits that Ms. Mlinarchik sought counseling regarding work issues, but denies the materiality of this fact. (ECF No. 56 ¶ 7.)

The case reached its current posture when Defendant filed a Motion for Summary Judgment (ECF No. 44) and accompanying documents (ECF Nos. 45-47) on July 31, 2018. Ms. Mlinarchik filed her Response to Defendant's Motion (ECF No. 50) and accompanying documents (ECF Nos. 51-54) on September 14, 2018. Defendant filed a reply brief (ECF No. 55) on September 28, 2018.

## IV. Standard of Review

"Summary judgment is appropriate only where . . . there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." *Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010) (quoting *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 380 n.6 (3d Cir. 2007)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). Issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). Material facts are those that will affect the outcome of the trial under governing law. *Anderson*, 477 U.S. at 248. The court's role is "not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009). "In making this determination, 'a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor.'" *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000) (quoting *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994)).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets this burden, the party opposing summary judgment "may not rest upon the mere allegations or denials" of the pleading, but "must set forth specific facts showing that there is a genuine issue for trial." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 n.11, (1986)). "For an issue to be genuine, the nonmovant needs to supply more than a scintilla of evidence in support of its position—there must be sufficient evidence (not mere allegations) for a reasonable jury to find for the nonmovant." *Coolspring Stone Supply v. Am. States Life Ins. Co.*, 10 F.3d 144, 148 (3d Cir. 1993); *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (noting that a party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted).

## V. Discussion

Defendant is entitled to summary judgment because (1) there is no genuine dispute of material fact that Ms. Mlinarchik was not subjected to severe or pervasive harassment that altered the conditions of her employment at USPS, and (2) there is no genuine dispute of material fact that Ms. Mlinarchik's supervisors took effective remedial action after she complained of harassment.

Ms. Mlinarchik brings her claim for disability discrimination under the

-6-

Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990 ("ADA"), and Title VII of the Civil Rights Act of 1964. (*See* ECF No. 19 ¶¶ 1-2.) While Ms. Mlinarchik does not specify the specific statutory provision under which she brings her claim, the Court infers that Ms. Mlinarchik brings her claim under 29 U.S.C. § 794. § 794(a) provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, . . . be subjected to discrimination . . . by the United States Postal Service."[6]

Under § 794(d) of the Rehabilitation Act, "[t]he standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990." *See, e.g., Chedwick v. UPMC*, 619 F. Supp. 2d 172, 181 (W.D. Pa. 2007).

To prevail on a hostile work environment claim under the ADA, a plaintiff must prove: (1) that plaintiff is a qualified individual with a disability under the ADA; (2) that plaintiff was subject to unwelcome harassment; (3) that the harassment was based on plaintiff's disability or a request for accommodation; (4) that the harassment was sufficiently severe or pervasive to alter the conditions of employment; and (5) that the employer is liable because it knew or should have known of the harassment and failed

---

[6] Defendant cites 29 U.S.C. § 791(g) as providing the standard for disability discrimination claims under the Rehabilitation Act. However, § 791 does not contain a section (g). Defendant also cites § 794a(a)(1) and (2) as "incorporat[ing] the remedies and procedures applicable to Title VII actions." However, § 794(a) does not contain any subsections. Moreover, § 794 does not contain any references to Title VII.

to take prompt, effective remedial action.[7] *Walton v. Mental Health Ass'n of Se. Pa.*, 168 F.3d 661, 667 (3d Cir. 1999); *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013); *Sielinski v. Kimberly-Clark Corp.*, 2016 WL 3519709, at *7 (E.D. Pa. 2016).

Ms. Mlinarchik satisfies the first element of hostile work environment disability discrimination, and possibly the second and third. However, Defendant is entitled to judgment as a matter of law because Ms. Mlinarchik does not plead facts that create a genuine dispute as to the fourth and fifth elements. There is no genuine dispute of material fact that Ms. Mlinarchik was not subject to severe or pervasive harassment that altered the conditions of her employment. Moreover, there is no genuine dispute of material fact that Ms. Mlinarchik's supervisor took prompt, effective remedial action after Ms. Mlinarchik complained of harassment.[8]

First, Ms. Mlinarchik is a qualified individual with a disability under the ADA. Under the ADA, a disability is a physical or mental impairment that substantially limits

---

[7] The Third Circuit has not differentiated between the standards for hostile work environment claims under the ADA, Age Discrimination in Employment Act, and Title VII. *See Slater v. Susquehanna Cty.*, 465 Fed. App'x 132, 138 (3d Cir. 2012); *Walton*, 168 F.3d at 666 n.2 (surveying how federal courts in other circuits treat hostile work environment claims).

[8] The Court notes that Ms. Mlinarchik's Brief in Support of Her Response to Defendant's Motion for Summary Judgment hints that she is bringing a claim under a disparate-treatment theory of disability discrimination under the ADA. (*See* ECF No. 52 at 2-3 (claiming that Ms. Mlinarchik's "job performance was equal or superior to other similarly situated employees" and that "she was adversely treated solely because of her disability").) However, Ms. Mlinarchik does not provide any legal or factual support for this claim other than the two sentences quoted above. Crucially, Ms. Mlinarchik does not allege that she suffered an adverse employment action, which is required to make out a claim for discrimination based on a disparate-treatment theory. *See Watson v. SEPTA*, 207 F.3d 207, 215 (3d. Cir. 2007) (explaining that an adverse employment action is a prerequisite to both "pretext" and "mixed motive" disparate-treatment claims). Therefore, the Court finds that Ms. Mlinarchik fails to establish a claim for disability discrimination based on a disparate treatment theory.

a major life activity. *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 501 (3d Cir. 2010) (citing *Fiscus v. Wal-Mart Stores, Inc.*, 385 F.3d 378, 382 (3d Cir. 2004)). A "qualified individual is an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds." 42 U.S.C. § 12111(a). The parties do not dispute that Ms. Mlinarchik had a disability and was able to perform the essential functions of her job.

Second, Ms. Mlinarchik alleges that she was subjected to unwelcome harassment. Ms. Mlinarchik alleges that Ms. Destefano told her to go home and take medication, to see a psychiatrist, and to seek disability benefits. (ECF No. 51 ¶¶ 10-15.) Ms. Mlinarchik also alleges that Ms. Destefano approached her in the restroom, pointed a finger at her, and said, "I'll do what I want." (*Id.* ¶¶ 12-13.) There is a genuine dispute of material fact as to whether these statements were made at all, and if they were, whether they were made with discriminatory animus.

Third, Ms. Mlinarchik alleges that Ms. Destefano harassed Ms. Mlinarchik because of Ms. Mlinarchik's disability. Defendant maintains that Ms. Destefano's statements to Ms. Mlinarchik, if made at all, were not made with discriminatory animus. (ECF No. 56 ¶¶ 12, 15.) The Court finds that these statements, if made, related to Ms. Mlinarchik's disability to some extent. Ms. Destefano's telling Ms. Mlinarchik to go home, take medication, and see a psychiatrist could be construed as statements made to tease or humiliate Ms. Mlinarchik. Moreover, Ms. Destefano's comment that Ms.

Mlinarchik should seek out disability benefits could have been made to humiliate Ms. Mlinarchik. On the other hand, Ms. Destefano could have made these statements out of earnest concern for Ms. Mlinarchik. Therefore, there is a genuine dispute of material fact regarding this element.

Fourth, Ms. Mlinarchik's claim fails because she was not subjected to harassment that was severe or pervasive enough to alter the conditions of her employment. Severe and pervasive harassment involves repeated instances that materially alter the plaintiff's employment conditions, as opposed to discrete isolated acts. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). To make this determination, courts consider: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with the employee's work performance." *Ullrich v. U.S. Sec'y of Veterans Affairs*, 457 F. App'x 132, 140 (3d Cir. 2012).

Here, Ms. Mlinarchik does not allege that she was subjected to frequent discriminatory conduct by Ms. Destefano. In her deposition, Ms. Mlinarchik testified that Ms. Destefano told her to go home, take medication, seek out disability benefits, or see a psychiatrist on only one occasion. (ECF No. 46 ¶ 15.) Ms. Mlinarchik could not point to any other instances where Ms. Destefano said or did things that Ms. Mlinarchik considered to be harassing. (*Id.* ¶ 16.) And although Ms. Mlinarchik alleges that Ms.

-10-

Destefano pointed a finger at her in the bathroom, Ms. Mlinarchik does not allege that she felt physically threatened by Ms. Destefano. Further, Ms. Mlinarchik does not allege that Ms. Destefano's comments affected her work performance. While the Court does not doubt that these incidents upset Ms. Mlinarchik, the facts alleged do not show severe and pervasive harassment. Therefore, Ms. Mlinarchik cannot sustain a claim for hostile work environment based on these incidents.

Moreover, the other two incidents Ms. Mlinarchik complains of—a co-worker refusing to help her on a machine and another co-worker making strange noises over the intercom—also do not rise to the level of severe or pervasive harassment. First, Ms. Mlinarchik simply alleges that a co-worker refused to help her use a machine on one occasion. (*Id.* ¶ 19.) While Ms. Mlinarchik testified that this incident made her feel harassed and "taunted," she does not identify any specific details that indicate disability discrimination or that the conduct was even offensive. (*Id.*) At most, this was an isolated incident of merely offensive conduct, and does not rise to the level of severe or pervasive harassment. Second, Ms. Mlinarchik admitted that she had no basis to believe that the "funny noises, squeals, and different noises" broadcasted over the intercom were directed at her. (ECF No. 22.) Therefore, taken as a whole, there is no genuine dispute of material fact that Ms. Mlinarchik was only subjected to isolated incidents, not severe or pervasive harassment.

Fifth, there is no genuine dispute of material fact that Ms. Mlinarchik's employer knew of the alleged harassment and took prompt, effective remedial action. In her concise statement of material facts, Ms. Mlinarchik concedes that Mr. Haynal counseled both Ms. Mlinarchik and Ms. Destefano after the altercation in the bathroom where Ms. Destefano allegedly pointed her finger at Ms. Mlinarchik and stated "I'll do what I want." (ECF No. 51 ¶¶ 20-22.)

Moreover, Mr. Haynal testified in his deposition that he fully investigated each complaint of harassment that he received from Ms. Mlinarchik and evaluated whether corrective or preventative action was necessary. (ECF No. 47-4 at 6.) Namely, Mr. Haynal investigated when Ms. Mlinarchik alleged that Ms. Destefano told her to go home, take medication, and seek out disability. (*Id.* at 7.) Mr. Haynal also investigated Ms. Mlinarchik's complaints that a co-worker made noises over the intercom and that another co-worker refused to help Ms. Mlinarchik use a machine. (*Id.* at 7-9.)

To investigate Ms. Mlinarchik's complaints, Mr. Haynal discussed the allegations with Ms. Mlinarchik and the employee accused of harassment. (*Id.* at 3-4.) In each instance, Mr. Haynal assessed the validity of the complaint and determined whether the incident was workplace harassment under USPS policy. (*Id.* at 3.) Mr. Haynal determined that the incidents did not violate the USPS workplace harassment policy and determined that counselling both employees was sufficient to address the complaints. (*Id.*)

Mr. Haynal's investigations of Ms. Mlinarchik's complaints were adequate and effective. To take effective remedial action, an employer is obligated to investigate discrimination charges and present a reasonable basis for its subsequent actions. *See Knabe v. Boury Corp.*, 114 F.3d 407, 414 (3d Cir. 1997). And if an employer's response to a complaint of harassment effectively stops the harassment, then the response is adequate as a matter of law. *Miller v. Patterson Motors*, No. 3:2007-33, 2009 WL 789897, at *43 (W.D. Pa. 2009) (Gibson, J.) (citing *Knabe*, 114 F.3d at 411).

The Court finds that Mr. Haynal adequately investigated Ms. Mlinarchik's complaints and presented a reasonable basis for deciding not to take formal action against the accused employees. Moreover, Mr. Haynal's response was adequate as a matter of law because his response effectively stopped the harassment. Neither Ms. Destefano nor any of Ms. Mlinarchik's other co-workers continued to harass her after they were consulted by Mr. Haynal regarding Ms. Mlinarchik's complaints. Therefore, there is no genuine dispute of material fact that Mr. Haynal took prompt, effective remedial action when Ms. Mlinarchik complained of harassment.

## VI.   Conclusion

For the reasons stated above, the Court finds there is no genuine dispute of material fact that Ms. Mlinarchik was not subjected to a hostile work environment in violation of the Rehabilitation Act. Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ANNA MARIE MLINARCHIK, | ) | CIVIL ACTION NO. 3:16-cv-257 |
|---|---|---|
| | ) | |
| | ) | JUDGE KIM R. GIBSON |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MEGAN BRENNAN, POSTMASTER | ) | |
| GENERAL, UNITED STATES POSTAL | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW,** this 10th day of October 2018, upon consideration of Defendant Megan Brennan's Motion for Summary Judgment (ECF No. 44) and for the reasons set forth in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED.**

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE